148 So. 657

**STEWART BROS. v. BREWER.**

**SAME v. GRAY.**

No. 32096.

May 1, 1933.

Rehearing Denied May 29, 1933.

Hawthorn, Stafford & Pitts, of Alexandria, and Monroe & Lemann and Nicholas Callan, all of New Orleans, for plaintiff.

Philip H. Mecom, of Shreveport, for defendants.

ST. PAUL, Justice.

These appeals come up from two separate judgments rendered in two suits filed by the

same plaintiff, Stewart Brothers, against the defendants, who are sisters. The suits were consolidated in the court below for the purpose of trial. In the first, judgment was rendered in favor of plaintiff, and the defendant appeals; in the second, judgment was rendered in favor of defendant, and plaintiff appeals.

Both suits are based on alleged balances due as the result of trading in securities for account of Mrs. Gray, and in securities and commodities for account of Miss Brewer.

## I.

Both accounts are proved abundantly in the ordinary course of business, and would stand proved conclusively except for one circumstance on which the defendants have seized to break down the testimony of one W. L. Creekmore, plaintiff's assistant manager at Alexandria, La., on whose testimony plaintiff relies largely for proof of its case.

## II.

That circumstance is this: That in the course of some year or eighteen months' dealing between the parties, Creekmore abstracted from the account of Miss Brewer the sum of $1,335 by means of four checks to her order on which he apparently forged her indorsement and appropriated the proceeds.

## III.

But Creekmore's testimony is corroborated at every point by other and unimpeached witnesses and by the surrounding circumstances and is contradicted only by the halting, uncertain, and wholly unsatisfactory testimony of the defendants themselves.

## IV.

His testimony is that he was given authority by the defendants to trade for them at his discretion, as to which his testimony and theirs is directly conflicting; and hence they now repudiate a number of deals made by him, claiming that they were unauthorized. But the fact remains, and we find that the evidence shows, that every transaction made by plaintiff for account of these defendants was promptly notified to them by confirmation mailed the same day and by statements mailed monthly, all addressed and directed to the post office address designated by themselves and in accordance with their written agreement that all communications so addressed and mailed should have the effect of notices delivered to them personally. (Tr. 38 and 39.)

It is true that plaintiff has not shown that each particular confirmation and monthly statement was actually put into the post office and duly stamped before being put therein, and the rule seems to be, as to particular and isolated mail items, that without proof of actual deposit in the mail and prepayment of postage, no presumption of delivery arises where the addressee denies the receipt of it. But this rule can have no possible application to a long series of correspondence by mail where such correspondence is handled in the usual course of business along with a mass of other correspondence which reaches its destination in due course. Hence, the testimony of these defendants that after a fixed date (January 1, 1931) they received no further confirmations or statements is wholly without weight with

us; especially as these defendants were furnished with additional statements before their accounts were finally closed, which additional statements were subject of discussion between the parties, even in the presence of defendants' attorneys at the time, and were not objected to or even questioned, except as to the aforesaid item of $1,335 and another item of $1,670 to which we will presently refer; and in fact, except as to these two items, plaintiff's claims were practically undisputed until this suit was brought and the answers filed. Indeed, the evidence shows that efforts were even being made by defendants to settle the accounts by giving security therefor, wherein the only difference between the parties seems to have been whether the two accounts were separate or were a joint account for which both defendants were equally liable; it being finally conceded by plaintiff, however, that the two accounts were separate and distinct and not one joint account for both parties.

### V.

The trial judge gave plaintiff a judgment against Miss Brewer for the amount claimed less credit of $1,335 unlawfully abstracted from her account by Creekmore. We think his judgment was correct and should be affirmed.

### VI.

██ In the case against Mrs. Gray the trial judge stopped her account as of date December 31, 1930, at which date she had a balance to her credit; and he gave her a judgment in reconvention for the amount of this balance and the losses suffered on this account between said date and the date of closing the account (April 27, 1931). This was on the theory that all transactions for account of Mrs. Gray between said two dates were unauthorized by her and made without her knowledge and consent. But in this we think, as we have heretofore said, the trial judge erred and Mrs. Gray should be condemned for the amount of the balance on April 27, 1931, as claimed by plaintiff, $2,485.07, subject, however, to a credit of the $1,670 to which we made reference above.

This sum of $1,670 is for a check given by Mrs. Gray on December 31, 1930, to be placed to the credit of her account, but which Creekmore, under his real or assumed authority to trade for these defendants at his discretion, placed to the credit of Miss Brewer's account, the weakest of the two accounts, as if the authority to trade for these two defendants at his discretion authorized him also to transfer credits from one account to the other as he pleased, which of course was not so.

The failure to credit her account with the amount of this check was not observed by Mrs. Gray until her account was finally closed, whereupon she claimed credit for said sum; and in our opinion she is entitled to such credit. The burden of proof was on plaintiff to show that the transfer of this credit from Mrs. Gray's account to Miss Brewer's account was authorized by Mrs. Gray and plaintiff has not sustained that burden. The judgment against her should therefore be credited with this amount with legal interest from the date in which said payment was made, to wit, December 31, 1930.

### Decree.

For the reasons assigned it is ordered that the judgment herein rendered by the court be-

low in favor of the plaintiff, Stewart Brothers, against the defendant Lily C. Brewer, be affirmed.

It is further ordered that the judgment herein rendered by the court below in favor of the defendant Mrs. Evelyn B. Gray and against the plaintiff, Stewart Brothers, be reversed; and it is now ordered that there be judgment in favor of plaintiff Stewart Brothers and against the defendant Mrs. Evelyn B. Gray for the full sum of $2,485.07 with legal interest from January 1, 1932, subject however to the credit of $1,670 with legal interest from December 31, 1930.

It is further ordered that all costs in both courts be paid by the two defendants, Lily C. Brewer and Evelyn B. Gray, in equal portions; that is, one-half each.

ODOM, J., dissents.